UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHIAVERINI, INC,

        Plaintiff,                    CASE NO. 04-74891

-vs-                             PAUL D. BORMAN
                                   UNITED STATES DISTRICT JUDGE

FRENCHIE'S FINE JEWELRY
COINS & STAMPS, INC.

                Defendant.
_____/

**ORDER DENYING PLAINTIFF'S AND DEFENDANT'S**
**MOTIONS FOR SUMMARY JUDGMENT**

      Before the Court are Plaintiff's and Defendant's cross-motions for summary judgment.

I.    **BACKGROUND:**

      Plaintiff, Chiaverini, Inc., ("Plaintiff") is an Ohio corporation which buys and sells jewelry and other collectibles. (Def.'s Mot. 2). The sole shareholder and principal of Chiaverini is Jascha Chiaverini. (*Id.*). Gail Little is the sister of Jascha Chiaverini and also a resident of Toledo, Ohio. (*Id.*). Defendant, Frenchie's Fine Jewelry, Coins, & Stamps, Inc.[1] ("Defendant") is located in Monroe, Michigan and buys and sells jewelry, scrap jewelry and collectibles. (*Id.*). Between March 29, 2001 and May 20, 2001, Gail Little, through a long-time friend, Dennis Dobber, sold various scrap metal, coins, and jewelry to Defendant. (*Id.*; Def.'s Mot. Ex. 1). On September 23, 2003, Jascha Chiaverini came to Defendant's place of business and in response to

---

[1]While the Complaint is styled "Stamp, Inc.," the proper name is "Stamps, Inc."

his question whether Gail Little had ever sold any items to Defendant, Defendant produced receipts for a sale that took place during the time period in question - March 29, 2001 through May 12, 2001. (*Id*; Def.'s Mot. Ex. 2). Chiaverini requested copies of the checks and all records, which Defendant provided to Chiaverini on or about September 23, 2003. (*Id.*; Def.'s Mot. Ex. 3). Chiaverini was involved in litigation with his sister, Gail Little, in Lucas County, Ohio, over the estate of their father. That litigation has since been dismissed. (*Id.*).

On December 16, 2004, Plaintiff filed suit against Defendant alleging conversion and violation of the Michigan Precious Metals and Gem Dealers Act ("the Act"). The pertinent part of the complaint alleges conversion pursuant to M.C.L. 449.491. Plaintiff further alleges that Defendant did not follow the Act by failing to report the transaction promptly. (Def.'s Mot. 3). This failure to report gives rise to criminal liability only.

The civil remedy provided by the statute is as follows:

> **Sec**. **11**. A person who has a precious item stolen embezzled or converted from him or her may bring an action for 3 times the amount of the damages, costs of suit, and reasonable attorneys' fees against any dealer who, by himself or herself or through his or her agent or employee, received or purchased the precious item knowing it was stolen, embezzled, or converted.

M.C.L. § 445.491. Plaintiff seeks $750,000 in damages.

Defendant filed its Motion for Summary Disposition on July 22, 2005. Plaintiff filed its Response on August 1, 2005. Defendant filed its Reply on September 19, 2005. Plaintiff then filed its Motion for Summary Judgment on September 26, 2005. Defendant filed its Response on October 21, 2005. Plaintiff filed its Reply on November 7, 2005. The Court heard oral argument on November 23, 2005.

## **ANALYSIS**

2

2:04-cv-74891-PJK-PJK   Doc # 26   Filed 12/02/05   Pg 3 of 7   Pg ID 639

A.       **Standard of Review**

The Court reviews Plaintiff's and Defendant's Motion for Summary Judgment under

Federal Rule of Civil Procedure 56.  Pursuant to Federal Rule of Civil Procedure 56, a party

against whom a claim, counterclaim, or cross-claim is asserted may "at any time, move with or

without supporting affidavits, for a summary judgment in the party's favor as to all or any part

thereof."  Fed. R. Civ. P. 56(b).  Summary judgment is appropriate where the moving party

demonstrates that there is no genuine issue of material fact as to the existence of an essential

element of the nonmoving party's case on which the nonmoving party would bear the burden of

proof at trial.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

> Of course, [the moving party] always bears the initial
> responsibility of informing the district court of the basis for its
> motion, and identifying those portions of "the pleadings,
> depositions, answers to interrogatories, and admissions on file,
> together with the affidavits, if any," which it believes demonstrate
> the absence of a genuine issue of material fact.

*Id*. at 323; *Gutierrez v. Lynch*, 826 F.2d 1534, 1536 (6th Cir. 1987).

A fact is "material" for purposes of a motion for summary judgment where proof of that

fact "would have [the] effect of establishing or refuting one of the essential elements of a cause

of action or defense asserted by the parties."  *Kendall v. Hoover Co.*, 751 F.2d 171, 174 (6th Cir.

1984) (quoting Black's Law Dictionary 881 (6th ed. 1979)) (citations omitted).  A dispute over a

material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for

the nonmoving party."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986).

Conversely, where a reasonable jury could not find for the nonmoving party, there is no genuine

issue of material fact for trial.  *Id.*; *Feliciano v. City of Cleveland*, 988 F.2d 649, 654 (6th Cir.

1993).  In making this evaluation, the court must examine the evidence and draw all reasonable

3

inferences in favor of the non-moving party.  *Bender v. Southland Corp.*, 749 F.2d 1205, 1210-1211 (6th Cir. 1984).

If this burden is met by the moving party, the non-moving party's failure to make a showing that is "sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial" will mandate the entry of summary judgment.  *Celotex*, 477 U.S. at 322-23.  The non-moving party may not rest upon the mere allegations or denials of his pleadings, but the response, by affidavits or as otherwise provided in Rule 56, must set forth specific facts which demonstrate that there is a genuine issue for trial. Fed. R. Civ. P. 56(e).  The rule requires that non-moving party introduce "evidence of evidentiary quality" demonstrating the existence of a material fact.  *Bailey v. Floyd County Bd. of Educ.*, 106 F.3d 135, 145 (6th Cir. 1997); *see also Anderson*, 477 U.S. at 252 (holding that the non-moving party must produce more than a scintilla of evidence to survive summary judgment).

**B.    Statute of Limitations**

Defendant argues that the applicable statute of limitations is three years, while Plaintiff, relying on this Court's opinion in *Melea Ltd. v. Quality Models, Ltd.*, 274 F. Supp. 2d 909 (E.D. Mich. 2002), states that the appropriate time period within which to bring suit is six years.  As a preliminary matter, this Court vacated in its entirety its opinion in *Melea*.[2] Thus, Plaintiff's reliance on *Melea* is improper.

M.C.L. § 600.5805 states, in pertinent part:

Sec. 5805. (1) A person shall not bring or maintain an action to recover damages for injuries to persons or property unless, after the claim first

---

[2]*See Melea Ltd. v. Quality Models, Ltd.*, 345 F. Supp. 2d 743, 750 (E.D. Mich. 2004).

4

accrued to the plaintiff or to someone through whom the plaintiff claims,
the action is commenced within the periods of time prescribed by this
section.
. . .
 (10) The period of limitations is 3 years after the time of the death or injury
for all other actions to recover damages for the death of a person, or for injury
to a person or property.

"Except as otherwise expressly provided, the period of limitations runs from the time the claim

accrues."  M.C.L. § 600.5827.

Pursuant to M.C.L. § 600.5813, all other personal actions are governed by a six-year

statute of limitations.

Defendant relies upon the Michigan Court of Appeal's decision in *Continental Casualty*

*Co. v. Huron Valley National Bank*, 85 Mich. App. 319 (1978), in which the court held that a

three-year statute of limitations period applies to cases brought under the Michigan Uniform

Commercial Code ("UCC").  In finding that conversion could be properly characterized as an

"injury to property," the court analyzed plaintiff's claims under M.C.L. § 440.3419(1)(c) and

reviewed the Official UCC Comment 3 to M.C.L. § 440.3419, which concerned conversion of

instruments.  *Continental*, 85 Mich. App. at 322.  Other courts have followed the *Continental*

holding where the conversion claim involves forged instruments under the Michigan UCC.  *See,*

*e.g., Brennan v. Edward D. Jones &* Co., 245 Mich. App. 156 (2001); *Comerica Bank v.*

*Suburban Trust and Savings Bank*, No. 95-1551, 1996 U.S. App. LEXIS 26778, at *8-*14 (6th

Cir. Oct. 10, 1996) (unpublished).  However, outside of the UCC context, state and federal

courts in Michigan have applied the six-year limitations period to conversion actions.  *See*

*Davidson v. Bugbee*, 227 Mich. App. 264 (1997) (conversion of farm-equipment); *Drapefair, Inc*

*v. Beitner*, 89 Mich. App. 531 (1979) (conversion of worker's compensation settlement

5

proceeds); *Miller v. Green*, 37 Mich. App. 132 (1971) (conversion of farm animals); *Chrysler Corp. v. Bunnell Chrysler Dodge*, 620 F. Supp. 1265, 1267 (E.D. Mich. 1985) (automobile conversion).

Like the cases cited above, Plaintiff's claim does not depend on any provisions of the Michigan UCC.  Accordingly, based on the aforementioned case law, the Court finds that the six-year statute of limitations is appropriate.  Plaintiff's claim is not time-barred because it was brought within six years from the time the claim accrued.  Therefore, Defendant's Motion for Summary Disposition is denied.

### B.    Michigan Precious Metals Dealer Act

Plaintiff asserts that it is entitled to summary judgment based on Defendant's alleged criminal violations of the Michigan Precious Metal and Gem Dealer Act and Defendant's conduct during the transaction in question.  Defendant denies that it violated the statutes and argues that these alleged criminal violations should not result in a civil penalty.  Viewing the facts in a light most favorable to Defendant, Plaintiff's motion for summary judgment is denied.

While the parties agree on many of the basic facts associated with the alleged conversion of the jewelry, the parties have also presented contrasting evidence on Defendant's knowledge of the jewelry's origins and whether Defendant complied with the requirements of the Act.  For example, the receipts written out by Defendant for the transaction in question, provided as Exhibit 1 of Defendant's brief, contain descriptions such as "U.S. Proof 90%," and "scrap gold." As Plaintiff points out in its brief, these vague descriptions of the items sold render the identification of any of the jewelry as stolen nearly impossible.  Furthermore, while Plaintiff's allegation that Defendant violated several criminal statutes does not automatically result in a

6

finding of civil liability under the Act, evidence of these violations could certainly support a finding that Defendant knew the jewelry was stolen.

On the other hand, Defendant has not yet deposed any witnesses in this matter, and Defendant, through its employees, denies that it converted Plaintiff's jewelry.  This conflicting evidence is sufficient to find that at this stage of the proceedings there is a genuine issue of material fact as to the aforementioned issues. Therefore, the Court DENIES Plaintiff's Motion for Summary Judgment.

**CONCLUSION:**

For the foregoing reasons, the Court DENIES Defendant's Motion for Summary Disposition and DENIES Plaintiff's Motion for Summary Judgment.

**IT IS SO ORDERED.**


s/Paul D. Borman_____
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated:  December 2, 2005

CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on December 2, 2005.


s/Jonie Parker_____
Case Manager

7