UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHIAVERINI, INC.,

       Plaintiff,

                                        CASE NO.  04-CV-74891-DT
v.                                  MAGISTRATE JUDGE PAUL J. KOMIVES

FRENCHIE'S FINE JEWELRY,
COINS & STAMPS, INC.,

       Defendant.
                                   /

### OPINION AND ORDER DENYING PLAINTIFF'S ASSERTION OF ISSUE PRECLUSION (docket #39)

### I. Introduction

This case arises from a family dispute which has been the subject of extensive proceedings in the Ohio state courts. Involved in the dispute are Jascha Chiaverini and his sisters, Gail Little, Miriam Goldstein, and Judy Dougherty. Jascha Chiaverini is the sole shareholder of plaintiff Chiaverini Inc., an Ohio corporation which buys and sells jewelry and other collectibles. Defendant is Frenchie's Fine Jewelry, Coin & Stamps, Inc., a Michigan corporation engaged in the sale and purchase of gold, jewelry, and precious metals. The basic facts surrounding this case are not in dispute.

Between March 29, 2001, and May 20, 2001, Frenchie's purchased gold, diamonds, coins, and jewelry from Dennis Heams, a/k/a "Dobber", while making the checks out to Gail Little. It is undisputed that defendant purchased the items listed in the complaint, that the items were presented

1

for sale by Hearns, and that defendant provided true and accurate receipts to the plaintiff on September 23, 2003. Plaintiff contends that these items were not the property of Ms. Little, but rather were the property of Mr. Chiaverini and Chiaverini, Inc. Plaintiff alleges that defendant's handling of these transactions violated the Michigan Precious Metals and Gem Dealers Act, and brings suit pursuant to section 11 of that Act, which provides:

> A person who has a precious item stolen, embezzled, or converted from him or her may bring an action for three times the amount of the damages, costs of suit, and reasonable attorneys' fees against any dealer who, by himself or herself or through his or her agent or employee, received or purchased the precious item knowing it was stolen, embezzled, or converted.

MICH. COMP. LAWS § 449.491. Plaintiff seeks $750,000.00 in damages, representing three times the admitted value received by defendant in its resale of the property.

One of the principal issues in the case is whether Gail Little had ownership of the property she sold to defendant or was otherwise authorized to sell the property. In a separate action in the Lucas County Court of Common Pleas, plaintiff obtained a judgment against Gail Little with respect to the ownership issue. The Ohio court judgment was a default judgment based solely on Gail Little's failure to answer the complaint and respond to the court's notice of default. *See* Def.'s Br., Ex. 6. On July 26, 2006, plaintiff filed a motion in this Court asserting that the Ohio judgment has preclusive effect, and thus that defendant is barred by issue preclusion from asserting that anyone other than plaintiff was the owner of the property at issue in this suit. Defendant filed a response on August 14, 2006. Defendant contends that: (1) the Ohio judgment is not a valid and final judgment because it conflicts with a settlement agreement entered into between the parties to the Ohio proceeding and is the subject of a currently pending motion to set aside the default judgment on this basis; (2) the issue of the ownership of the property was not actually litigated and necessarily

2

determined by the Ohio court; and (3) defendant is not in privity with Gail Little and thus cannot be bound by the Ohio court judgment. Plaintiff filed a reply on August 29, 2006. The Court heard argument on the matter on August 30, 2006, at which time the matter was taken under advisement. For the reasons that follow, plaintiff's motion will be denied.

## II. Discussion

A.  *Legal Standard*

The Full Faith and Credit Clause of the Constitution commands that "[f]ull Faith and Credit shall be given in each State to the public Acts, Records, and judicial Proceedings of every other State." U.S. CONST. art. IV, § 1. Pursuant to the grant of authority in Article IV, § 1, Congress has implemented this command through the Full Faith and Credit Act, which provides that state judicial proceedings "shall have the same full faith and credit in every court within the United States . . . as they would have by law or usage in the courts of such State . . . from which they are taken." 28 U.S.C. § 1738. As the Supreme Court has explained, "[t]his statute directs a federal court to refer to the preclusion law of the State in which the judgment was rendered." *Marrese v. American Academy of Orthopaedic Surgeons*, 470 U.S. 373, 380 (1985); *see also*, *In re Fordu*, 201 F.3d 693, 703 (6th Cir. 1999). Accordingly, the preclusive effect in this Court of the Ohio court judgment is governed by Ohio law.

As the Sixth Circuit has explained, the concept of res judicata actually encompasses two distinct concepts. *See Heyliger v. State Univ. & Community College Sys. of Tenn.*, 126 F.3d 849, 852 (6th Cir. Oct. 3, 1997); *J.Z.G. Resources, Inc. v. Shelby Ins. Co.*, 84 F.3d 211, 214 (6th Cir. 1996). Claim preclusion, or "true" res judicata, "refers to the effect of a judgment in foreclosing litigation of a matter that never has been litigated, because of a determination that it should have

been advanced in an earlier suit." *Heyliger*, 126 F.3d at 852 (quoting *Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 77 n.1 (1984))); *see also*, *J.Z.G. Resources*, 84 F.3d at 214. Issue preclusion, or collateral estoppel, on the other hand, mandates that "'[w]hen an issue of fact or law is actually litigated and determined by a valid and final judgment, and the determination is essential to the judgment, the determination is conclusive in a subsequent action between the parties, whether on the same or a different claim.'" *Heyliger*, 126 F.3d at 853 (quoting RESTATEMENT (SECOND) OF JUDGMENTS § 27 (1982)).[1]

Plaintiff's motion is based solely on issue preclusion, or collateral estoppel. Under Ohio law, issue preclusion "prevents parties or their privies from relitigating facts and issues in a subsequent suit that were fully litigated in a prior suit." *Thompson v. Wing*, 637 N.E.2d 917, 923 (Ohio 1994). Issue preclusion "applies when the fact or issue (1) was actually and directly litigated in the prior action, (2) was passed upon and determined by a court of competent jurisdiction, and (3) when the party against whom [issue preclusion] is asserted was a party [or] in privity with a party to the prior action." *Id.*; *see also*, *Fordu*, 201 F.3d at 704.

B.   *Analysis*

Although there is no published case law on this point, in unpublished decisions the Ohio courts have repeatedly held that, as a general matter, a default judgment does not involve the actual litigation of any issue and thus does not have an issue preclusive effect. *See, e.g.*, *Lewis v. Kizer*, No. 17-03-05, 2003 WL 21904793, at *2 (Ohio Ct. App. Aug. 11, 2003); *Cuyahoga Supply & Tool,*

---

[1] In *Heyliger*, the Sixth Circuit "'express[ed] [the] hope that future litigants, in the interests of precision and clarity, will formulate arguments which refer solely to issue or claim preclusion and which refrain from using the predecessors of those terms, whose meanings have become so convoluted.'" *Heyliger*, 126 F.3d at 852 (quoting *Barnes*, 848 F.2d at 728 n.5). Accordingly, the Court refers to the issues by those terms.

*Inc. v. Kilbane*, No. 76893, 2000 WL 1908048, at *4-*5 (Ohio Ct. App. Dec. 21, 2000). This accords with the general, common law view of issue preclusion. "'In the case of a judgment entered by confession, consent, or default, none of the issues is actually litigated. Therefore, the rule of this Section [describing issue preclusion's domain] does not apply with respect to any issue in a subsequent action.'" *Arizona v. California*, 530 U.S. 392, 414 (2000) (quoting RESTATEMENT (SECOND) OF JUDGMENTS § 27, comment e (1982)) (alteration by quoting court).

In accord with the *Restatement* view and the unpublished decisions of the Ohio courts, the federal courts that have considered the matter have determined that, under Ohio law, a default judgment may have preclusive effect, but only if the judgment itself expressly adjudicates an issue. "Ohio courts give preclusive effect to default judgments only when there is an express adjudication of the issue. '[A]n unanswered complaint and the default judgment based on it do not, by themselves, constitute an express adjudication.'" *In re Monas*, 309 B.R. 302, 306-07 (Bankr. N.D. Ohio 2004) (citation omitted) (quoting *In re Sweeney*, 276 B.R. 186, 193 (B.A.P. 6th Cir. 2002)). Thus, "[a] default judgment containing no express findings and based solely on an unanswered complaint does not constitute an express adjudication." *In re Henderson*, 277 B.R. 889, 893 (Bankr. S.D. Ohio 2002). Here, the default judgment contains no express findings, and is based solely on Gail Little's failure to answer the complaint and respond to the court's notice of default. The judgment therefore does not preclude "relitigation" of any issue.

The cases upon which plaintiff relies in its reply brief are not to the contrary. *Rabb v. Board of County Comm'rs of Cuyahoga County*, 173 N.E. 255 (Ohio Ct. App. 1930), merely stands for the unremarkable proposition that a default judgment "has the same force and virtue under the law as if it were a judgment pronounced upon a verdict after a full trial and full proceedings thereon." *Id*.

5

at 256. This statement does not resolve, however, the question here: whether a default judgment results in an actual adjudication of any discrete issue. Similarly, *Broadway Management, Inc. v. Godale*, 378 N.E.2d 1072 (Ohio Ct. App. 1973) and *Federal Deposit Ins. Corp. v. Willoughby*, 482 N.E.2d 1267 (Ohio Ct. App. 1984), hold nothing more than that a default judgment is a final judgment which may give rise to claim preclusion, or true res judicata. Neither of those cases speaks to the doctrine of issue preclusion. *See Broadway Management*, 378 N.E.2d at 1073; *Willoughby*, 482 N.E.2d at 1270. As the Ohio Court of Appeals has explained, however, the issue preclusion and claim preclusion inquiries are distinct, and thus although a default judgment may have true res judicata effect, it does not result in the actual adjudication of any issue for purposes of issue preclusion. *See Lewis*, 2003 WL 21904793, at *2; *Cuyahoga Tool*, 2000 WL 1908048, at *5.

The closest support plaintiff can find comes from the Ohio Supreme Court's decision in *Crowe v. Riley*, 57 N.E. 956 (Ohio 1900). Two things are unclear from that decision, however. First, it is not clear whether the court in that case was giving preclusive effect to the prior judgment under what would now be called issue preclusion, or whether the decision was based on principles of claim preclusion. Second, even if based on issue preclusion principles, the language used by the court at least suggests that, although the prior judgment was a default judgment, there had been an actual litigation of the issue giving rise to preclusion. *See id.* at 957. The Ohio courts have provided no further explication of *Crowe* on this issue. Further, to the extent that *Crowe* does suggest a result contrary to that reached by the Court here, *Crowe* conflicts with the modern approach to claim and issue preclusion as reflected in the *Restatement*, an approach whisch has been repeatedly adopted by the Ohio Supreme Court. *See, e.g.*, *Kelly v. Georgia Pac. Corp.*, 545 N.E.2d 1244, 1249 (Ohio 1989) (adopting collateral estoppel rule set forth in § 27 of the *Restatement*); *Grava v. Parkman*

*Township*, 653 N.E.2d 226, 229 ("expressly adher[ing] to the modern application of the doctrine of res judicata" as stated in §§ 24-25 of the *Restatement*).

In short, although a default judgment was obtained by plaintiff against Gail Little in the Ohio state court proceeding, the issue of the ownership of the property "was not actually litigated in the [] proceeding. Absent a judgment following actual litigation, the [default judgment] cannot be accorded issue-preclusive effect." *Fordu*, 201 F.3d at 704 (applying Ohio law). Accordingly, plaintiff's assertion of issue preclusion will be denied.

C.     *Evidentiary Use of Ohio Judgment*

At the hearing on the motion, plaintiff argued that, even if the Ohio judgment does not have preclusive effect, it should be permitted to make evidentiary use of the Ohio judgment in presenting its case to the jury. The Court disagrees. Under Rule 402, only relevant evidence is admissible; irrelevant evidence is not admissible. *See* FED. R. EVID. 402. Under the rules of evidence, "'[r]elevant evidence means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." FED. R. EVID. 401. Here, as noted above, the default judgment entered in the Ohio case did not decide any issue involved in that case. The judgment itself is evidence of nothing more than the fact of Gail Little's default, a fact which is not of consequence to the determination of this action. The judgment does not provide any probative evidence of the ownership of the property, and thus it does not make the existence of the fact of ownership more or less probable than without the judgment. Thus, the judgment is not relevant under Rule 401, and therefore it is inadmissible under Rule 402.

### III.  Order

In view of the foregoing, it is ORDERED that plaintiff's assertion of issue preclusion (docket #39) is hereby DENIED.

IT IS SO ORDERED.

                                                     s/Paul J. Komives
                                                     PAUL J. KOMIVES
                                                     UNITED STATES MAGISTRATE JUDGE

Dated: 9/15/06

> The undersigned certifies that a copy of the foregoing order was served on the attorneys of record by electronic means or U.S. Mail on September 15, 2006.
>
>                                 s/Eddrey Butts
>                                 Case Manager