UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHIAVERINI, INC.,

        Plaintiff,

    v.                         CASE NO.  04-CV-74891-DT
                            MAGISTRATE JUDGE PAUL J. KOMIVES

FRENCHIE'S FINE JEWELRY,
COINS & STAMPS, INC.,

        Defendant.
                            /

MEMORANDUM OPINION & ORDER: (1) DENYING DEFENDANT'S MOTION IN LIMINE TO STRIKE EVIDENCE OF COIN SALES (docket #66); (2) DENYING DEFENDANT'S THIRD MOTION FOR SUMMARY JUDGMENT (docket #67); (3) DENYING DEFENDANT'S MOTION IN LIMINE TO EXCLUDE TESTIMONY OF SALE PRICE OF ITEMS AFTER THE ALLEGED CONVERSION (docket #68); (4) DENYING DEFENDANT'S MOTION TO DISMISS (docket #74); and (5) GRANTING PLAINTIFF'S MOTION TO QUASH SUBPOENA (docket #76)

       This matter is before the Court on four motions filed by defendant, and one motion filed by plaintiff. For the reasons that follow, each of defendant's motions will be denied, and plaintiff's motion will be granted.

       1.     *Motion in Limine to Strike Evidence of Coin Sales*

       In its first motion, defendant seeks an order striking evidence of sales of coins to it by Gail Little or Dennis Heams. Defendant is correct that the Michigan Precious Metal and Gem Dealer Act applies only to theft, embezzlement, or conversion of "precious items," and that the Act explicitly excludes coins from the definition of "precious item." MICH. COMP. LAWS § 445.482(j)(i). However, plaintiff also asserts a claim for statutory conversion under MICH. COMP. LAWS §

600.2919(a). It is true that, in its complaint, plaintiff cited only to the Act, and did not specifically cite the conversion statute. However, Rule 8 requires a plaintiff only to provide "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). And Rule 8 also provides that "[a]ll pleadings shall be so construed as to do substantial justice," FED. R. CIV. P. 8(f), an admonition that "require[s] that [a court] not rely solely on labels in a complaint, but that [it] probe deeper and examine the substance of the complaint." *Mead Corp. v. ABB Power Generation, Inc.*, 319 F.3d 790, 796 (6th Cir. 2003) (internal quotation omitted). Thus, "the label which a plaintiff attaches to his pleading does not determine the nature of the cause of action," *id.* (internal quotation omitted), and "the form of the complaint is not significant if it alleges facts upon which relief can be granted, even if it fails to categorize correctly the legal theory giving rise to the claim." *Gean v. Hattaway*, 330 F.3d 758, 765 (6th Cir. 2003) (internal quotation omitted). Here, plaintiff's complaint alleges that defendant purchased items, including coins, which it knew to be converted. This is sufficient to give notice to defendant of plaintiff's statutory conversion claim, notwithstanding plaintiff's failure to employ the term "statutory conversion" or cite the relevant statute. "That [plaintiff] failed to specifically allege a [statutory conversion] claim cannot preclude [it] from recovery on a [statutory conversion] claim, should the allegations show and the proof support such a claim." *Green v. City of Memphis*, 535 F.2d 976, 978 (6th Cir. 1976) (footnote omitted). Thus, evidence of coin sales is relevant and admissible with respect to plaintiff's properly pleaded statutory conversion claim, and defendant's motion in limine will therefore be denied.

    2.    *Motion for Summary Judgment*

Defendant also brings a motion for summary judgment arguing that plaintiff, as a corporation, is not entitled to invoke the Act. The Act provides:

> A *person* who has a precious item stolen, embezzled, or converted from *him or her* may bring an action for 3 times the amount of damages, costs of suit, and reasonable attorneys' fees against any dealer who, by himself or herself or through his or her agent or employee, received or purchased the precious item knowing it was stolen, embezzled, or converted.

MICH. COMP. LAWS § 449.491 (emphasis added). Defendant argues that "person" does not include a corporation. The Court disagrees.

It is true that the Act does not define "person." However, the Michigan legislature has enacted general rules of construction which govern the interpretation of statutes. One such rule provides that "[t]he word 'person' may extend and be applied to bodies politic and corporate, as well as to individuals." MICH. COMP. LAWS § 8.3*l*. Although the statute uses the word "may," it sets forth a mandatory rule of construction, and the definition of "person" as including corporations is binding unless express language in the statute provides a different definition. *See People v. Washpun*, 175 Mich. App. 420, 424, 438 N.W.2d 305, 307 (1989); MICH. COMP. LAWS § 8.3. That the statute refers to a person who has "his or her" property converted does not evidence an intent on the part of the legislature to exclude corporations from the definition of "person." This is evident from the fact that the statute provides for a cause of action against a "dealer" who "by *himself or herself* or through *his or her* agent" knowingly purchases converted items, yet explicitly defines "dealer" to include a corporation. *See* MICH. COMP. LAWS § 445.482(b). The use of "his or her" is merely a grammatical shortcut, just as "person" is such a shortcut. In other words, just as "person" includes a corporation, "his or her" includes "its."

The legislative history and other extrinsic guides relied on by defendant do not change this result. Resort to extrinsic aids to construction is permissible only when the statute in question is ambiguous. *See In re Certified Question from U.S. Ct. of App. for the 6th Cir.*, 468 Mich. 109, 116,

659 N.W.2d 597, 601-02 (2003). And "a finding of ambiguity is to be reached only after all other conventional means of interpretation have been applied and found wanting." *Mayor of City of Lansing v. Michigan Pub. Serv. Comm'n*, 470 Mich. 154, 165, 680 N.W.2d 840, 846 (2004) (internal quotation omitted). Here, as noted above, applying the general rule that "person" in a statute includes corporations, there is no ambiguity in the Act. Thus, the Court concludes that a corporation may bring an action under the Act, and defendant's motion for summary judgment therefore will be denied.

       3.     *Motion in Limine to Exclude Evidence of Sales Price*

In its third motion, defendant seeks an order in limine excluding evidence of the price for which defendant resold the property at issue in this suit. Defendant contends that the proper measure of damages is the market value of the goods at the time of the conversion, and that therefore the price at which defendant resold the property is irrelevant. The Court disagrees.

It is undisputed that the proper measure of damages in a conversion case such as this is the fair market value of the property at the time of the conversion. Thus, the price at which defendant resold the property is not the proper *measure* of damages. This does not mean, however, that the price at which defendant resold the property is not *relevant to* the proper measure of damages. Under Rule 401, "relevant evidence" includes all "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." FED. R. EVID. 401. In Professor McCormick's famous formulation: "An item of evidence, being but a single link in the chain of proof, need not prove conclusively the proposition for which it is offered. . . . It is enough if the item could reasonably show that a fact is slightly more probable than it would appear without that evidence. .

4

. . A brick is not a wall." JOHN W. STRONG, MCCORMICK ON EVIDENCE § 185 (5th ed. 1999). In other words, under Rules 401 and 402 "[e]vidence is not subject to exclusion solely because its probative value is extremely low. If evidence has any probative value whatsoever, it is relevant and admissible unless otherwise excludable for an affirmative reason." GLEN WEISSENBERGER & JAMES J. DUANE, FEDERAL EVIDENCE § 401.3, at 75 (4th ed. 2001). Although there is no Michigan caselaw on point, the general rule is that, where fair market value is the appropriate measure of damages, "[e]vidence of the price resulting from a subsequent sale is . . . probative of a property's fair market value." *Williams v. Ubaldo*, 670 A.2d 913, 917 (Me. 1996); *accord Bagdasarian v. Gragnon*, 192 P.2d 935, 942 (Cal. 1948) ("[M]arket value of personal property may be shown by the price paid for that identical property or by the price obtained for it at a subsequent sale."); *Getelman v. Levey*, 481 So. 2d 1236, 1240 (Fla. Ct. App. 1985); *Hoelscher v. Schenewerk*, 804 S.W.2d 828, 832 (Mo. Ct. App. 1991); *Procopis v. G. P. P. Restaurants, Inc.*, 352 N.Y.S.2d 230, 232 (1974); *cf. First Nat. Bank v. United States*, 763 F.2d 891, 894 (7th Cir. 1985). Thus, although not the proper measure of damages, evidence of subsequent sale price may be probative of the market value of the property at the time of conversion. The evidence is thus relevant under Rule 401, and hence admissible.

    4.    *Defendant's Motion to Dismiss*

In its fourth motion, defendant seeks dismissal based on the Ohio Secretary of State's cancellation of plaintiff's articles of incorporation. On January 4, 2007, the Secretary cancelled plaintiff's articles of incorporation pursuant to OHIO REV. CODE § 5733.20, based on plaintiff's failure to pay appropriate taxes. *See* Def.'s Mot. to Dismiss, Ex. 1. Defendant contends that plaintiff ceased to exist at that point, and therefore can no longer proceed with this lawsuit. This argument is without merit, for two reasons.

First, § 5733.20 provides that, following cancellation, "all the powers, privileges, and franchises conferred upon such corporation by such articles of incorporation . . . shall cease, subject to section 1701.88 of the Revised Code." OHIO REV. CODE § 5733.20.[1] Section 1701.88, in turn, provides in relevant part that "when the articles of a corporation have been canceled . . . the corporation shall cease to carry on business and shall do only such acts as are required to wind up its affairs, or to obtain reinstatement of the articles . . . ." *Id.* § 1707.88(A). Defendant argues that this suit does not constitute part of the "winding-up" of plaintiff's affairs, and thus is not permitted. However, defendant's argument ignores subsection (B) of the statute, which explicitly provides that "[a]ny claim existing or action or proceeding pending by or against the corporation . . . may be prosecuted to judgment . . . ." *Id.* § 1707.88(B). The Ohio Court of Appeals has resolved this exact issue in a case involving cancellation under § 5733.20, concluding that dismissal of a suit pending at the time of the cancellation of plaintiff's articles of incorporation was improper in light of § 1707.88(B). *See Octavia Coal Co. v. Cooper T. Smith Corp.*, No. 00CA00223, 2001 WL 704465, at *2-*3 (Ohio Ct. App. June 15, 2001); *see also*, *Stychno v. Ohio Edison Co.*, 806 F. Supp. 663, 669 n.5 (N.D. Ohio 1992); *cf. State ex rel. Falke v. Montgomery County Residential Development, Inc.*, 531 N.E.2d 688, 691 (Ohio 1988).[2]

---

[1]"A corporation's rights are governed by the laws of its state of incorporation." *In re Seminole Walls & Ceilings Corp.*, ___ B.R. ___, ___, 2007 WL 1053462, at *14 (Bankr. M.D. Fla. Apr. 2, 2007); *see also*, *Burks v. Lasker*, 441 U.S. 471, 478 (1979) (quoting *Cort v. Ash*, 422 U.S. 66, 84 (1975)); *Clark v. Lomas & Nettleton Fin. Corp.*, 625 F.2d 49, 52 n.3 (5th Cir. 1980). Thus, Ohio law governs plaintiff's capacity to sue. The same result is reached regardless of whether the Court applies the federal rule cited above or Michigan choice of law rules on the same subject. *See Benton Harber Federation of Women's Clubs v. Nelson*, 301 Mich. 465, 474, 3 N.W.2d 844, 848 (1942); *Orr v. Lacey*, 2 Doug. 230, 1846 WL 2867, at *11 (Mich. 1846).

[2]The cases cited by defendant are all inapposite, as each of those cases involved a defunct corporation's attempt to initiate a suit after cancellation, and not the plaintiff's maintenance of a suit pending at the time of cancellation.

Second, on March 27, 2007, the Tax Commissioner certified plaintiff for corporate reinstatement pursuant to OHIO REV. CODE § 5733.22. This statute provides for reinstatement upon payment of the taxes owing and the meeting of certain other requirements, and further provides that "[t]he rights, privileges, and franchises of a corporation whose articles of incorporation have been reinstated in accordance with this section, are subject to section 1701.922 of the Revised Code." *Id*. § 5733.22(B). Section 1701.922, in turn, provides that "upon reinstatement of a corporation's . . . articles of incorporation . . . , the rights, privileges, and franchises . . . of the corporation . . . existing at the time its articles of incorporation were canceled shall be fully vested in the corporation or association as if the articles had not been canceled . . . ." *Id*. § 1701.922(A). Subsection (D) emphasizes this point: "This section is remedial in nature and is to be construed liberally to accomplish the purpose of providing full reinstatement of a corporation's . . . articles of incorporation retroactive, in accordance with this section, to the time of the cancellation of the articles." *Id*. § 1701.922(D). Thus, through § 1701.922's retroactivity provision, the reinstatement of plaintiff's articles of incorporation effectively means that the articles were never cancelled. Thus, § 1701.88(A) is inapplicable, and does not render plaintiff without power to prosecute this action. For these reasons, defendant's motion to dismiss will be denied.

     5.     *Plaintiff's Motion to Quash Subpoena*

Finally, plaintiff has filed a motion to quash the subpoena issued by defendant to the Ohio Department of Taxation, seeking plaintiff's corporate tax records for the years 2002-06. Although an attorney for a party may generally issue a subpoena on his or her own authority, *see* FED. R. CIV. P. 45(a)(3), the Department apparently will only respond to subpoenas issued by a judicial officer. For this reason, the Court issued the subpoena at defendant's request. The Court's issuance of the

subpoena was based on its understanding that the records which were the subject of the subpoena would be relevant to the issue of plaintiff's capacity to maintain this action. As discussed above, the Court has now resolved that issue in favor of plaintiff. The Court agrees with plaintiff that the records have no other relevance in this litigation, and therefore that the subpoena should be quashed. On June 20, 2006, before the parties consented to the undersigned's exercise of jurisdiction, Judge Borman denied defendant's request for tax records covering 1993-2002. The records sought by the subpoena, which cover years postdating the events at issue in this suit, are irrelevant for the same reason. There is no indication that the records are reasonably likely to yield admissible evidence relating to any of the issues involved in this case. Under Rule 45, a court may quash a subpoena which seeks "disclosure of privileged or other protected matter." FED. R. CIV. P. 45(c)(3)(A)(iii). Although not absolutely privileged, tax returns are considered confidential and are protected from routine disclosure. *See Trudeau v. New York State Consumer Protection Bd.*, 237 F.R.D. 325, 331 (N.D.N.Y. 2006); *A. Farber & Partners, Inc. v. Garber*, 234 F.R.D. 186, 190-91 (C.D. Cal. 2006). Ohio treats state tax returns similarly. *See State ex rel. Fisher v. Cleveland*, No. 83945, 2004 WL 1846124, at *4 (Ohio Ct. App. Aug. 19, 2004); *Cincinnati ex rel. Cosgrove v. Grogan*, 753 N.E.2d 256, 274 (Ohio Ct. App. 2001); OHIO REV. CODE § 5747.18. Because tax records are generally protected from disclosure, and because defendant has not shown a compelling need for this information, it is appropriate to quash the subpoena pursuant to Rule 45(c)(3)(A)(iii). *See United States v. Gammo*, 428 F. Supp. 2d 705, 707-08 (E.D. Mich. 2006) (Whalen, M.J.). Accordingly, plaintiff's motion to quash will be granted.

In view of the foregoing, it is ORDERED that defendant's motion in limine to strike evidence of coin sales, defendant's third motion for summary judgment, defendant's motion in

limine to exclude evidence of sales price after the allege conversion, and defendant's motion to dismiss are all hereby DENIED. It is further ORDERED that plaintiff's motion to quash is hereby GRANTED.

    IT IS SO ORDERED.


                                          s/Paul J. Komives
                                          PAUL J. KOMIVES
                                          UNITED STATES MAGISTRATE JUDGE

Dated: 5/4/07

> The undersigned certifies that a copy of the foregoing order was served on the attorneys of record by electronic means or U.S. Mail on May 4, 2007.
>
>                               s/Eddrey Butts
>                               Case Manager