UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


CHIAVERINI, INC.,

      Plaintiff,

      v.

FRENCHIE'S FINE JEWELRY,
COINS & STAMPS, INC.,

      Defendant.
                                   /

CASE NO. 04-CV-74891-DT
MAGISTRATE JUDGE PAUL J. KOMIVES

**OPINION AND ORDER GRANTING IN PART AND DENYING IN PART
DEFENDANT'S MOTION FOR AN AWARD OF COSTS AND
ATTORNEYS' FEES (docket #91)**

This matter is before the Court on defendant's motion for an award of costs and attorneys' fees. For the reasons that follow, defendant's motion will be granted to the extent it seeks an award of costs, and denied to the extent it seeks an award of attorney fees.

1. *Costs*

Pursuant to Rule 54(a) and 28 U.S.C. § 1920, defendant seeks costs in the amount of $2,242.64, broken down as follows:

| | |
|---|---:|
| Clerk Fees: | $50.00 |
| Court Reporter Fees: | 1,850.00 |
| Witness Fees: | 231.64 |
| Service Fees: | 111.05 |
| TOTAL | $2,242.64 |

*See* Br. in Supp. of Def.'s Mot. for Costs, Ex. 2. Defendant's request for costs is appropriately itemized and documented. *See id.* at Ex. 2 (witness fees); Ex. 3 (clerk fees); Exs. 4-8 (court reporter

1

fees); Ex. 9 (service fees).

> Pursuant to 28 U.S.C. § 1920,
>
> > A judge or clerk of any court of the United States may tax as costs the following:
> > (1) Fees of the clerk and marshal;
> > (2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;
> > (3) Fees and disbursements for printing and witnesses;
> > (4) Fees for exemplification and copies of papers necessarily obtained for use in the case;
> > (5) Docket fees under section 1923 of this title;
> > (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920. As the Supreme Court has held, § 1920 "define[s] the full extent of a federal court's power to shift litigation costs absent express statutory authority to go further." *West Virginia Univ. Hosps., Inc. v. Casey*, 499 U.S. 83, 86 (1991). Thus, although a district court has discretion in deciding whether to award any of the costs enumerated in § 1920, a court "may not tax expenses that are not listed in § 1920." *Embotelladora Agral Regiomontana, S.A. v. Sharp Capital, Inc.*, 952 F. Supp. 415, 417 (N.D. Tex. 1997) (citing *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 442 (1987)). Although § 1920 is written in the permissive, in general there is a presumption in favor of awarding costs to a prevailing party, as expressed in Rule 54(d)(1) ("[C]osts other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs."). As the Sixth Circuit has explained: "The rule establishes a norm of action: prevailing parties are entitled to their costs as of course. Departures from the rule are permitted; however . . . [b]efore the district court, it is incumbent upon the unsuccessful party to show circumstances sufficient to overcome the presumption favoring an award of costs to the prevailing party." *Goostree v. Tennessee*, 796 F.2d 854, 863-64 (6th Cir. 1986).

Apart from the reasons expressed in its motion for new trial, plaintiff proffers no reason why costs should be denied in this case. Plaintiff does argue that defendant must prove the reasonableness and necessity of such costs. However, defendant has submitted an affidavit detailing its costs and supporting documentation. Plaintiff does not raise any specific objection to any of the amounts claimed, and defendant's submission is therefore sufficient to satisfy § 1920 and Rule 54. *Cf. Berryman v. Hofbauer*, 161 F.R.D. 341, 344 & n.2 (E.D. Mich. 1995) (Newblatt, J.). Accordingly, defendant's motion for costs will be granted.

2. *Attorney Fees*

Defendant also seeks an award of attorney fees. Attorney fees may not be taxed as costs under § 1920, but recovery of such fees is permitted when authorized by another substantive statute or rule. *See* FED. R. CIV. P. 54(d)(2). Because the Court in this case exercised diversity jurisdiction over state law claims, defendant's right to attorney fees is governed by state substantive law. *See Hobbs v. Alcoa, Inc.,* 501 F.3d 395, 398 (5th Cir. 2007); *Champion Produce, Inc. v. Rudy Robinson Co., Inc.*, 342 F.3d 1016, 1024-25 (9th Cir. 2003). Defendant seeks attorney fees on two state law bases.

First, defendant contends that it is entitled to attorney fees under the general Michigan statute providing for attorney fees in frivolous actions. That statute provides that a court may award costs and fees, including attorney fees, to a prevailing party if the court finds that the action was frivolous. *See* MICH. COMP. LAWS § 600.2591(1). This statute provides no basis for an award of attorney fees to defendant, for two reasons. First, the statute is inapplicable in federal court. Although, as noted above, attorney fee issues in a diversity case are generally governed by state law, this is true only when the state law at issue is substantive in nature. Considering a similar Ohio statute, the Sixth

3

Circuit explained that the attorney fee provision "is a general statute that allows for the award of attorney fees based upon the conduct of the parties and the attorneys in filing and litigating the claim, rather than for success on the underlying merits of the claim." *First Bank of Marietta v. Hartford Underwriters Ins. Co.*, 307 F.3d 501, 529 (6th Cir. 2002). The court therefore concluded that the statute authorizing an award of attorney fees for frivolous conduct was procedural in nature, and as such Rule 11 rather than the state statute "should govern the award of sanctions for frivolous conduct." *Id.*; *cf. Chambers v. NASCO, Inc.*, 501 U.S. 32, 52-53 (1991) (federal courts sitting in diversity apply state fee statutes when those statutes embody substantive policy of the state). Here, defendant cannot seek fees under Rule 11 because it has not complied with that Rule's "safe harbor" provision. *See* FED. R. CIV. P. 11(c)(1)(A).

Further, defendant is not entitled to attorney fees under either § 600.2591 or Rule 11 because plaintiff's action was not frivolous. Here, there was evidence to support Jascha Chiaverini's claim that plaintiff owned the merchandise in question, including his own testimony, the existence of the "buy tags" on the merchandise, and the testimony of other witnesses. That the jury ultimately rejected this evidence and accepted defendant's does not, in itself, establish that plaintiff "had no reasonable basis to believe that the facts underlying [its] legal position were true," MICH. COMP. LAWS § 600.2591(3)(a)(ii) (defining "frivolous"), and plaintiff's claims certainly had "evidentiary support," FED. R. CIV. P. 11(b)(3). Accordingly, even if § 600.2591 or Rule 11 were otherwise applicable, plaintiff's action was not "frivolous" as defined by the statute and the rule.

Second, defendant contends that it is entitled to attorney fees under the Gem Dealers Act and the conversion statute. Neither statute, however, provides a basis for attorney fees in this case. As a general rule, a statute is to be interpreted according to its plain meaning. *See Roberts v. Mecosta*

4

*County General Hospital*, 466 Mich. 57, 63, 642 N.W.2d 663, 667 (2002). More specifically, under the American Rule attorney fees are not recoverable unless *expressly* authorized by statute or court rule. *See Fleet Business Credit v. Krapohl Ford Lincoln Mercury Co.*, 274 Mich. App. 584, 589, 735 N.W.2d 644, 647 (2007); *Brooks v. Rose*, 191 Mich. App. 565, 575, 478 N.W.2d 731, 736 (1991). Further, because statutes awarding attorney fees are in derogation of the common law, they must be strictly construed. *See McKelvie v. Auto Club Ins. Ass'n*, 223 Mich. App. 446, 452, 566 N.W.2d 658, 660 (1997) (Sawyer, J., dissenting), *adopted on appeal as opinion of court reversing court of appeals*, 459 Mich. 42, 586 N.W.2d 395 (1998) (per curiam).

With these rules in mind, it is clear that the statutes at issue here do not contemplate an award of attorney fees to defendant as a prevailing party. The conversion statute provides that "[a] person damaged as a result of [a conversion of property] may recover 3 times the amount of actual damages sustained, plus costs and reasonable attorney fees[.]" MICH. COMP. LAWS § 600.2919a(1). Similarly, the Gem Dealers Act provides that "[a] person who has a precious item stolen, embezzled, or converted from him or her may bring an action for 3 times the amount of the damages, costs of suit, and reasonable attorneys' fees . . . ." MICH. COMP. LAWS § 445.491. Both statutes, by their terms, provide for attorney fees as an element of damages to prevailing plaintiffs. Neither statute contemplates an award to prevailing defendants, much less expressly provides for such an award. Thus, the statutes provide no basis for an award of attorney fees to defendant here.

Accordingly, it is ORDERED that defendants' motion for an award of costs and attorneys' fees is hereby GRANTED IN PART and DENIED IN PART. Specifically, the motion is GRANTED to the extent defendant seeks an award of costs under Rule 54 and § 1920, and is DENIED to the extent defendant seeks an award of attorney fees. It is further ORDERED that costs

are hereby awarded against plaintiff and in favor of defendant in the amount of $2,242.64.

IT IS SO ORDERED.

s/Paul J. Komives  
PAUL J. KOMIVES  
UNITED STATES MAGISTRATE JUDGE

Dated: 2/11/08

---

The undersigned certifies that a copy of the foregoing order was served on the attorneys of record by electronic means or U.S. Mail on February 11, 2008.

s/Eddrey Butts  
Case Manager