UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHIAVERINI, INC.,

    Plaintiff,

v.

CASE NO. 04-CV-74891-DT
MAGISTRATE JUDGE PAUL J. KOMIVES

FRENCHIE'S FINE JEWELRY,
COINS & STAMPS, INC.,

    Defendant.
                           /

## OPINION AND ORDER DENYING PLAINTIFF'S
## MOTION FOR NEW TRIAL (docket #88)

This matter is before the Court on plaintiff's motion for new trial, filed on July 9, 2007 (docket #88). As indicated at the hearing on plaintiff's motion, and for the reasons more fully explained below, plaintiff's motion is denied.

Rule 59(a) provides, in relevant part, that "[a] new trial may be granted to all or any of the parties and on all or part of the issues . . . in any action in which there has been a trial by jury, for any of the reasons for which new trials have heretofore been granted in actions at law in the courts of the United States[.]" FED. R. CIV. P. 59(a)(1). "Generally courts have interpreted this language to mean that a new trial is warranted when a jury has reached a 'seriously erroneous result' as evidence by: (1) the verdict being against the great weight of the evidence; (2) the damages being excessive; or (3) the trial being unfair to the moving party in some fashion, *i.e.*, the proceedings being influenced by prejudice or bias." *Holmes v. City of Massillon, Ohio*, 78 F.3d 1041, 1045-46

(6th Cir. 1996). Further, "obvious and prejudicial error in instructing the jury constitutes grounds for a new trial[.]" *Fryman v. Federal Crop Ins. Corp.*, 936 F.2d 244, 248 (6th Cir. 1991).

However, a party is not entitled to a new trial simply upon a showing that an error has been committed. Under Rule 61, error or omission on the part of the Court is not grounds for granting a new trial "unless refusal to take such action appears to the court inconsistent with substantial justice," and the Court must "disregard any error or defect in the proceeding which does not affect the substantial rights of the parties." FED. R. CIV. P. 61; *see also*, *Clark v. Esser*, 907 F. Supp. 1069, 1073 (E.D. Mich. 1995) (Rosen, J.). In other words, the Court must "ignore errors that do not affect the essential fairness of the trial." *McDonough Power Equip., Inc. v. Greenwood*, 464 U.S. 548, 553 (1984). "[T]he burden of showing prejudice rests with the party seeking the new trial[.]" *In re Air Crash Disaster*, 86 F.3d 498, 524 (6th Cir. 1996); *accord Tobin v. Astra Pharmaceutical Prods., Inc.*, 993 F.2d 528, 541 (6th Cir. 1993).

Plaintiff first contends that it is entitled to a new trial based on witness Brian Beneteau's testimony that Jascha Chiaverini told Beneteau, in a 2003 conversation in which Jascha Chiaverini was seeking information regarding the merchandise sold to Frenchie's, that he (Chiaverini) had just gotten out of prison. Plaintiff contends that this testimony was false, because Jascha Chiaverini had gotten out of prison ten years earlier, in 1993, and was part of a deliberate strategy by the defense to impugn Jascha Chiaverini with a prior conviction which was otherwise inadmissible under Rule 609. Plaintiff argues that this error was compounded when defense counsel Walter Meyers noted, in front of the jury, that Chiaverini had spent six years in prison. These alleged errors are insufficient to warrant a new trial.

Brian Beneteau's mention that Jascha Chiaverini's had been incarcerated came in response

2

to a question by plaintiff's counsel concerning Beneteau's discussion with Jascha Chiaverini. It was a spontaneous response by the witness to plaintiff's counsel's question, and there is no evidence that it was a deliberate strategy instituted by defense counsel. Plaintiff's counsel objected, and the Court struck the answer and instructed the jury to disregard the statement. This instruction cured any prejudicial effect of the witness's comment, *see Holmes v. City of Massillon, Ohio*, 78 F.3d 1041, 1046-47 (6th Cir. 1996), particularly in light of the fact that it was a brief statement unaccompanied by any details regarding the circumstances of the conviction. In the absence of any reason to find to the contrary, the Court must presume that the jury followed this instruction. *See id.* at 1047 (citing *Greer v. Miller*, 483 U.S. 756, 766 n.8 (1987)). Although counsel's later outburst that Jascha Chiaverini had been incarcerated was not proper, Jascha Chiaverini himself testified to the details of the conviction on direct examination, and defense counsel did not argue that the conviction was any basis upon which to find for the defendant. Further, the conviction had no bearing on the issue of who owned the property. In these circumstances, there has been no showing that the outcome of the trial would have been different in the absence of this testimony. *See Barnes v. City of Cincinnati*, 401 F.3d 729, 743 (6th Cir. 2005). Accordingly, plaintiff is not entitled to a new trial.

Plaintiff also argues that it is entitled to a new trial based on the admission of David Meyers's testimony. Meyers testified that, upon a report from plaintiff and plaintiff's counsel regarding the alleged theft of plaintiff's property, it was not determined who had owned the property. Importantly, Meyers did *not* testify that he had concluded that someone other than plaintiff owned the property; he testified only that ownership was not determined by his investigation. While it is true that evidence of "no-arrest" or "no prosecution" is generally inadmissible in a civil trial because of the different burdens of proof in civil and criminal cases, *see Johnson v. Elk Lake Sch.*

*Dist.*, 283 F.3d 138, 147 (3d Cir. 2002), here those concerns were not implicated. Meyers did not testify that defendant was not prosecuted based on a determination that there was no crime under the higher standard of proof applicable in a criminal case, which would have suggested to the jury that plaintiff did not own the merchandise. Rather, Meyers testified simply that he was unable to determine the ownership of the property. This testimony thus had no impact on the ownership determination. Further, the Court instructed the jury on the burden of proof and that it was the ultimate arbiter of the facts. *See Weathers v. American Family Mut. Ins. Co.*, 793 F. Supp. 1002, 1015 (D. Kan. 1992). Finally, an appropriate limiting instruction may have cured any potential prejudice, but plaintiff did not request such an instruction. *See Tennes v. Commonwealth of Mass., Dep't of Revenue*, 745 F. Supp. 1352, 1359 (N.D. Ill. 1990), *aff'd*, 944 F.2d 372 (7th Cir. 1991). Accordingly, plaintiff is not entitled to a new trial on this basis.

Finally, plaintiff argues that it is entitled to a new trial because the jury's verdict that it did not own the property at issue was against the great weight of the evidence. This argument is without merit. While a court may grant a new trial under Rule 59 based on the verdict being against the weight of the evidence, doing so intrudes on the province of the jury and implicates Seventh Amendment concerns. Therefore, a court may not "set aside the verdict simply because it believes that another outcome is more justified," *Denhof v. City of Grand Rapids*, 494 F.3d 534, 543 (6th Cir. 2007), and the court must "accept the jury's verdict if it is one which reasonably could have been reached." *Id.* (internal quotation omitted). The court may not grant a new trial "merely because different inferences or conclusions could have been drawn or because other results are more reasonable." *McDonald v. Petree*, 409 F.3d 724, 728 (6th Cir. 2005) (internal quotation omitted). As the Seventh Circuit has more eloquently put it, a new trial on the basis of the weight of the

4

evidence is "proper only when the record shows that the jury's verdict resulted in a miscarriage of justice or where the verdict, on the record, cries out to be overturned or shocks [the] conscience." *Latino v. Kaizer*, 58 F.3d 310, 315 (7th Cir. 1995).

Here, plaintiff did present significant evidence that it owned the merchandise in question, including testimony of Jascha Chiaverini and other witnesses, as well as evidence of buy tags on the merchandise. On the other hand, defendant also presented a number of witnesses who testified that the property belonged to Annette Chiaverini, and not to Chiaverini, Inc. Gail Little and Dennis Heams both testified to this effect, and as defendant pointed out plaintiff was unable to produce any business records establishing its ownership of the property. It is not the province of this Court on a motion for new trial to resolve the conflicts in the evidence. The jury heard the evidence, weighed the credibility of the witnesses, and found in favor of defendant. While the jury could have reasonably found that plaintiff was the owner of the property, its contrary conclusion was also a reasonable one based on the evidence presented. Accordingly, plaintiff is not entitled to a new trial on the basis that the verdict is against the weight of the evidence.

Accordingly, it is ORDERED that plaintiff's motion for a new trial or judgment n.o.v. is hereby DENIED.

IT IS SO ORDERED.


        s/Paul J. Komives
        PAUL J. KOMIVES
        UNITED STATES MAGISTRATE JUDGE

Dated: 2/11/08

The undersigned certifies that a copy of the foregoing order was served on the attorneys of record by electronic means or U.S. Mail on February 11, 2008 .

s/Eddrey Butts<br>Case Manager