UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


CHIAVERINI, INC.,

      Plaintiff,

  v.

FRENCHIE'S FINE JEWELRY, COINS
& STAMPS, INC.,

      Defendants.
                                /

CASE NO.  04-CV-74891-DT
JUDGE PAUL D. BORMAN
MAGISTRATE JUDGE PAUL J. KOMIVES

## MEMORANDUM OPINION AND ORDER DENYING DEFENDANT'S MOTION FOR APPEAL BOND (docket #108)

Plaintiff Chiaverini, Inc., an Ohio corporation, commenced this action against defendant Frenchie's Fine Jewelry, Coins & Stamps, Inc., a Michigan corporation, alleging claims under the Michigan Gem Dealers Act and the Michigan conversion statute. Pursuant to the consent of the parties, *see* 28 U.S.C. § 636(c), the matter was tried before the undersigned. A jury returned a verdict of no cause of action, and Judgment was entered in favor of defendant on July 6, 2007. On February 11, 2008, the Court awarded costs to defendant in the amount of $2,242.64. The Court also denied plaintiff's motion for new trial on that date. On March 12, 2008, plaintiff filed its appeal in the Sixth Circuit.

The matter is currently before the Court on defendant's motion for bond pursuant to FED. R. APP. P. 7, filed on April 18, 2008. Defendant seeks a bond in the amount of $8,000.00 to ensure payment of costs on appeal. Plaintiff filed a response to the motion on June 4, 2008. Plaintiff argues

1

that an appeal bond is not appropriate in this case because it has already prepaid the court reporter for the preparation of the transcript and paid the filing fees, which will cover the bulk of the costs associated with its appeal. Plaintiff also argues that the issue presented on appeal is a close one, and that there is a reasonable probability that it will prevail on appeal. For the reasons that follow, defendant's motion will be denied.[1]

Rule 7 provides that "[i]n a civil case, the district court may require an appellant to file a bond or provide other security in any form and amount necessary to ensure payment of costs on appeal." FED. R. APP. P. 7. Rule 7 "leaves both the question of the need for a bond and the amount of the bond in the district court's discretion." *Pan Am. Grain Mfg. Co. v. Puerto Rico Ports Auth.*, 193 F.R.D. 26, 43 (D.P.R. 2000), *aff'd*, 295 F.3d 108 (1st Cir. 2002); *see also*, *Young v. New Process Steel, LP*, 419 F.3d 1201, 1208 (11th Cir. 2005). In determining whether an appeal bond should be required under Rule 7 courts consider a number of factors, including: "(1) the appellant's financial ability to post a bond, (2) the risk that the appellant would not pay appellee's costs if the

---

[1] On April 18, 2008, the District Judge referred the motion to me for hearing and determination pursuant to 28 U.S.C. § 636(b)(1)(A). As noted above, the parties consented to my exercise of jurisdiction and the District Judge referred the matter to me for that purpose under § 636(c). When a case is referred under § 636(c) pursuant to the parties' consent, the magistrate judge acquires plenary authority to control and dispose of the case as would a District Judge. *See Roell v. Withrow*, 538 U.S. 580, 585 (2003); *Moses v. Sterling Commerce (Am.), Inc.*, 122 Fed. Appx. 177, 181 (6th Cir. 2005). Unless consent is revoked or the order of reference withdrawn, therefore, the magistrate judge retains the authority to rule on the parties' post-judgment motions by virtue of the parties' consent and the District Judge's order of reference. It is unclear whether, by referring this motion to me for hearing and determination, Judge Borman intended to withdraw the prior reference under § 636(c). To the extent that he did not intend to do so, the parties have no right to appeal this Order. To the extent that he did so intend and the matter is now proceeding under § 636(b)(1)(A) rather than § 636(c), the attention of the parties is drawn to FED. R. CIV. P. 72(a), which provides a period of ten days from the date of this Order within which to file any objections for consideration by the District Judge as may be permissible under 28 U.S.C. § 636(b)(1). Because Judge Borman is in the best position to determine the intent and effect of his Order of Reference, I express no opinion on whether an appeal to Judge Borman is, in fact, available to the parties.

appeal loses, (3) the merits of the appeal, and (4) whether the appellant has shown any bad faith or vexatious conduct." *Baker v. Urban Outfitters, Inc.*, No. 01 Civ. 5440, 2006 WL 3635392, at *1 (S.D.N.Y. Dec. 12, 2006) (citing cases). "[T]he Rule 7 bond is designed to protect 'the amount the appellee stands to have reimbursed,' not to impose an independent penalty on the appellant. Accordingly, the analysis should proceed from the perspective of what costs the appellee can reasonably be expected to incur in defending against the appeal." *Capizzi v. States Resources Corp.*, No. 02-12319, 2005 WL 958400, at *1 (D. Mass. Apr. 26, 2005) (quoting *Adsani v. Miller*, 139 F.3d 67, 75 (2d Cir.1998)).

Under Rule 7, "[t]he costs of appeal for which the bond ensures payment are those authorized by 28 U.S.C. § 1920 and Appellate Rule 39." 20 MOORE'S FEDERAL PRACTICE § 307.10[2], at 307-6 (3d ed. 2003); *see also*, *In re Cardizem CD Antitrust Litig.*, 391 F.3d 812, 817 (6th Cir. 2004). Rule 39 provides that the following costs are taxable in the district court: "(1) the preparation and transmission of the record; (2) the reporter's transcript, if needed to determine the appeal; (3) premiums paid for a supersedeas bond or other bond to preserve rights pending appeal; and (4) the fee for filing the notice of appeal." FED. R. APP. P. 39(e). The costs taxable under § 1920 include the marshal and clerk fees, court reporter fees, printing and witness fees, copying fees, docket fees, and compensation of court appointed experts and interpreters. *See* 28 U.S.C. § 1920.

After applying the relevant factors here, the Court concludes that the requirement of a bond is not appropriate. In the first place, defendant has not met its burden of justifying the amount of its request or providing a reasonable estimate of the actual costs it may incur on appeal. *See Lundy v. Union Carbide Corp.*, 598 F. Supp. 451, 452 (D. Or. 1984). Rather, defendant merely asserts that $8,000.00 is a reasonable amount of bond. And this amount is excessive on its face. The amount

3

includes the $2,242.64 already awarded as costs in this Court under § 1920. However, "Rule 7 bonds are to be strictly limited to the costs of filing and proceeding with a case in the court of appeals," *United States ex rel. Terry Inv. Co. v. United Funding & Investors, Inc.*, 800 F. Supp. 879, 882 (E.D. Cal. 1992), and thus may not include an amount as surety against a judgment or costs awarded at the trial level. *Cf. Control Data Sys., Inc. v. Computer Power Group, Ltd.*, No. 94 Civ. 5396, 1997 WL 469911, at *1 (S.D.N.Y. Aug. 14, 1997); MOORE'S FEDERAL PRACTICE, *supra*, at § 307.11. Likewise, defendant stresses the lengthy review that counsel will have to conduct to prepare for the appeal, suggesting that the bond should cover an expected amount of attorney fees. Although there is a circuit split on this issue, *see Vaughn v. American Honda Motor Co., Inc.*, 507 F.3d 295, 299 & n.12 (5th Cir. 2007), the Sixth Circuit has held that a Rule 7 bond may include appellate attorney fees where authorized by the substantive statute. *See In re Cardizem CD*, 391 F.3d at 817. Here, however, the Court has already determined that the relevant substantive statutes in this case do not authorize an award of attorney fees to defendant. Because the cost of preparing the transcript and filing fees are borne by plaintiff as the appellant, that leaves the costs of obtaining a copy of the transcript and the costs of copying its brief as the only costs on appeal defendant is likely to incur. Thus, defendant's request for a bond in the amount of $8,000.00 is grossly excessive.

In addition, considering the relevant factors, the Court concludes that an appeal bond is not necessary. There is no indication that plaintiff is financially unable to post bond, and thus this factor weighs in favor of a bond. The remaining factors, however, weigh against a bond. Defendant has not alleged any facts–such as foreign incorporation, past failure to pay, or impending bankruptcy–suggesting that plaintiff will be unable to pay costs or recalcitrant in doing so. *See In*

*re AOL Time Warner, Inc., Sec. & ERISA Litig.*, No. 02 Civ. 5575, 2007 WL 2741033, at *2 (S.D.N.Y. Sept. 20, 2007) (citing cases). Further, although the Court obviously disagrees that the claims raised by plaintiff are meritorious having previously rejected those claims–the claims raised are viable and substantial issues. Finally, there has been no bad faith or vexatiousness on the part of plaintiff in connection with the case in this Court or in filing the appeal.

For these reasons, it is ORDERED that defendant's motion for bond on appeal is hereby DENIED.

IT IS SO ORDERED.


                          s/Paul J. Komives
                          PAUL J. KOMIVES
                          UNITED STATES MAGISTRATE JUDGE

Dated: 6/12/08

> The undersigned certifies that a copy of the foregoing order was served on the attorneys of record by electronic means or U.S. Mail on June 12, 2008.
>
>                       s/Eddrey Butts
>                       Case Manager